David O. Drake (UT# 0911)
6905 South 1300 East, #248
Midvale, UT  84047
(801) 601-9049
Sirdrake2033@gmail.com

Kathryn N. Nester (UT #13967)
NESTER LEWIS PLLC
40 S 600 E
Salt Lake City, UT  84102
(801) 535-4375
kathy@nesterlewis.com

*Attorneys for Michael Kirk Moore*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL KIRK MOORE,<br><br>  Defendant. | **DEFENDANT MICHAEL KIRK MOORE'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**<br><br>Case No. 2:23-CR-00010-HCN<br><br>Honorable Howard C. Nielson Jr. |

COMES NOW, Dr. Michael Kirk Moore and submits these objections to certain jury instructions proposed by the government and offers the following in support thereof.  **Dr. Moore has identified the objectionable portions of the United States' proposed instructions with italicized font**

1

## Proposed Jury Instruction No. 18

CORPORATE LIABILITY

*Defendant Plastic Surgery Institute of Utah, Inc. is a corporation.* A corporation may be found guilty of a criminal offense. A corporation can act only through its agents—that is, its directors, officers, employees, and other persons authorized to act for it. To find a corporate defendant guilty you must find beyond a reasonable doubt that:

*First: The agent was acting within the scope of his or her employment;*

*Second: the agent was authorized to do the act; and*

Third: the agent was motivated, at least in part, to benefit the corporation.

For an act to be within the scope of an agent's employment it must relate directly to the performance of the agent's general duties for the corporation. *It is not necessary that the act itself have been authorized by the corporation.*

If an agent was acting within the scope of his employment, the fact that the agent's act was illegal, contrary to his employer's instructions or against the corporation's policies will not relieve the corporation of responsibility for it.

*A corporation may also be found guilty of engaging in a criminal conspiracy.*

Defense Objections to Instruction No. 18

The words "Defendant Plastic Surgery Institute of Utah, Inc. is a corporation" should be deleted since it is a fact that needs to be proven at trial in order to apply corporate liability to it.

The last sentence of Jury Instruction No. 18 should be a stand-alone jury instruction regarding the elements of how "[a] corporation may also be found guilty of engaging in a criminal conspiracy." Conspiracy and corporate liability are two separate matters. This instruction purports to be about corporate liability, but there are further elements of conspiracy that have to be met to find corporate liability for conspiracy. This instruction states that "it is not necessary that the act itself have been authorized by the corporation." The corporation cannot be involved in a conspiracy if it is ignorant of such.

The remainder of Jury Instruction No. 18 is dependent on several citations to authority, many of which predate the year 2000 excepting the "Model Crim. Jury Instr. 8th Cir. 5.03

2

(2024)(regarding Corporate Responsibility)." In *United States v. Cattle King Packing, Co., Inc.*, 793 F.2d 232 (10th Cir. 1986), the concept of "defraud" was predicated on the corporation violating some other United States law, namely the Federal Meat Inspection Act, 21 U.S.C. §§601-624, 661-680, for which there was an enhancement to a felony if there was evidence it was done with "intent to defraud." It also cited *United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975) which had a similar enhancement but was for violations of the Federal Food, Drug, and Cosmetic Act. *Id.*

How does this impact the instruction on corporate responsibility? The corporation typically is violating a predicate law for which the individual agent should have been aware—the elements of the underlying crime (not §371) are required. This is apparent in the Eighth Circuit's model instructions that includes reference to such but has been excluded from the government's proposed Jury Instruction No. 18.

The "Model Crim. Jury Instr. 8th Cir. 5.03 (2024)(regarding Corporate Responsibility)" referenced in Jury Instruction No. 18 does not mirror the one submitted by the government. Rather it states that "[t]o find a corporate defendant guilty you must find beyond a reasonable doubt that: *One,* each element of the crime charged against the corporation was committed by one or more of its agents; and *Two*, in committing those acts the agent[s] intended, at least in part, to benefit the corporation; and *Three,* each act was within the scope of employment of the agent who committed it." The missing part in Jury Instruction No. 18 is the requirement to find each element of the crime charged as a predicate. Further, rather than stating the act was within the scope of employment (i.e. within the scope of the agent's general duties), they state that the agent was authorized to do the act, which then contradicts itself by stating that "[i]t is not necessary that the act itself have been authorized by the corporation" although they have instructed the jury they need to find

3

beyond a reasonable doubt that "the agent was authorized to do the act." So the agent can be authorized outside of being authorized by the corporation yet still cause the corporation to be liable? It would seem if the second statement were true—that the corporation did not authorize it, but that the agent was authorized, then it cannot be "corporate liability."

The Committee notes to the Eighth Circuit's Instruction 5.03 defines "scope of employment" as not being confined to the agency definition, but can apply to acts directly related to performance of duties that the officer or agent had the broad authority to perform, or the agent's general line of work, or that the act occurred while the offending employee was carrying out a job-related activity. It states that "intent to benefit the corporation" is treated as a separate element from "scope of employment." It states that there is no corporate liability where the agent acts solely for his personal gain, directly contrary to the interests of the corporation.

**Proposed Jury Instruction No. 19 and 20**

**NO. 19**

COUNT 1
CONSPIRACY TO DEFRAUD THE UNITED STATES
STATUTORY DEFINITION
18 U.S.C. § 371

*Title 18, United States Code, Section 371 makes it a crime for two or more persons to conspire to defraud the United States or any of its agencies in any manner or for any purpose. Specifically, this law provides:*

> *If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each [shall be guilty of an offense against the law of the United States].*

## NO. 20

### COUNT 1
### CONSPIRACY TO DEFRAUD THE UNITED STATES

### ELEMENTS
### 18 U.S.C. § 371

The defendants are charged in Count 1 with conspiring to defraud the United States *by impairing, obstructing, or interfering with the lawful functions of the Centers for Disease Control and Prevention ("CDC") and the United States Department of Health & Human Services ("HHS") to distribute and administer authorized COVID-19 vaccines and vaccination record cards through approved vaccine distributing entities in a manner that would provide a reliable means of verifying persons' vaccination status.*

*The word "defraud" here does not only mean cheating the government out of money or property; it also includes impairing, obstructing, or interfering with a lawful function of the government or one of its agencies by deceit, craft, trickery, or dishonest means.*

*This Court has already determined, as a matter of law, that it was a lawful government function of HHS and CDC to distribute and administer authorized COVID-19 vaccines and vaccination record cards through approved vaccine distributing entities in a manner that would provide a reliable means of verifying persons' vaccination status.*

*Therefore,* to find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: *the defendant agreed with at least one other person to defraud the United States by impeding, impairing, obstructing, or defeating the CDC and HHS's distribution and administration of authorized COVID-19 vaccines and vaccination record cards through approved vaccine distributing entities in a manner that would provide a reliable means of verifying persons' vaccination status.*

Second: <u>at least</u> one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

Third: the defendant knew the essential objective of the conspiracy.

Fourth: the defendant knowingly and voluntarily participated in the conspiracy.

Fifth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged. To satisfy this element, you must conclude that

the defendant participated in a shared criminal purpose and that the defendant's actions constitute an essential and integral step toward the realization of that.

Defendant's Objections to Instructions No. 19 and 20

Instruction Number 19 serves no purpose, is duplicative to instruction number 20 and contains confusing and unnecessary legal jargon. It should be deleted in its entirety.

Instruction Number 20 is the elements instruction for the crime of conspiracy to defraud the United States government. Title 18 Section 371 contains two clauses which appear to provide two different avenues to commit a federal conspiracy, to-wit: "If two or more persons conspire **either** to commit any offense against the United States, **or** to defraud the United States or any agency thereof…." The government in this case is resting on the second clause in the Indictment returned against Dr. Moore. Specifically, the government is alleging that the term "defraud" in the second clause refers to interfering with a lawful government function. The government is relying on case law to propose this definition, specifically a reference to the 10th Circuit case of *United States v. Bedford,* which in turn cited two U.S. Supreme Court cases from 1924 and 1910.

In *United States v. Bedford*, "[t]he government filed a twenty-nine-count superseding indictment charging three individuals with various crimes. Defendant was named in Count One of the indictment, which charged him with conspiracy to commit two underlying crimes: 1) defrauding the United States of America by impeding the Internal Revenue Service in its lawful efforts to collect income taxes, and 2) assisting individual taxpayers in filing fraudulent tax returns in violation of 26 U.S.C. § 7206(2)." *Ibid.*, 536 F.3d 1148, 1151 (10th Cir. 2008). Therein, Bedford challenged that the district court failed to instruct the jury on the elements of the underlying substantive crimes, but he failed to raise them below so it was reviewed for plain error. *Id.* at 1155. "Our precedent requires the prosecution in a conspiracy case to prove the degree of criminal intent

necessary for a conviction on the underlying substantive offense of the conspiracy." *Id.* The Court found as follows:

> As for the substantive crime of defrauding the government, the district court instructed the jury that the indictment charged Defendant with willfully conspiring "[t]o defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the IRS." (R. at 1542.) The court instructed the jury that the word defraud "means not only to cheat the government out of property or money, but also to interfere with or obstruct one of the government's lawful functions by means that are dishonest." (R. at 151.) The instructions also focused on Defendant's agreement to the conspiracy, explaining to the jury that the government must prove beyond a reasonable doubt that Defendant "knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending in some way to accomplish the goal or purpose by this common plan or action." (*Id.* at 1544.) The instructions summarizing the indictment further stated that Defendant was charged with furthering the conspiracy by "committ[ing] or caus[ing] to be committed overt acts such as ... causing the preparation and filing of false and fraudulent income tax returns for Tower members and for members' businesses." (R. at 149.) We conclude these instructions as a whole properly instructed the jury as to the requisite criminal intent for the underlying crime of defrauding the government. *See Hammerschmidt v. United States,* 265 U.S. 182, 188, 44 S.Ct. 511, 68 L.Ed. 968 (1924); *United States v. Scott,* 37 F.3d 1564, 1575 (10th Cir.1994).

*Bedford*, 536 F.3d at 1155. It then stated that the district court "repeatedly instructed the jury" as to the intent element required for § 7206(2)—the underlying crime or means by which Bedford was charged with defrauding the government. *Id.* ("As to the intent element required for §7206(2), the district court repeatedly instructed the jury that Defendant must be found to have acted knowingly and willfully, which is consistent with the intent element of the underlying substantive crime." *See, United States v. Pursley,* 474 F.3d 757, 769-70 (10th Cir. 2007). Only when combined with the intent instruction for 7206(2) was the court able to conclude that "taken as a whole, the instructions adequately instructed the jury as to the governing law regarding intent for both underlying substantive offenses." *Id.*

With this backdrop of *Bedford*, proposed Jury Instruction No. 20 adopts a definition for "defraud" as "cheating the government out of money or property; it also includes impairing,

obstructing, or interfering with a lawful function of the government or one of its agencies by deceit, craft, trickery, or dishonest means." This is clearly taken directly from *Bedford*, but out of context. The way that the government's proposed instruction is worded, it fails to discuss the specific intent to defraud, which would normally be required in the predicate offense instruction – but since there is no predicate offense charged, the jury is denied the language offered in the standard fraud instruction. The jury is not instructed that there must be a misrepresentation on the part of the defendant, nor are they instructed that the defendant must have willfully engaged in the misrepresentation, knowing it was material and would be relied upon. Unlike *Bedford,* which repeatedly instructed the jury on intent in the predicate instructions, our jury will get this instruction as a stand-alone definition of the crime of conspiracy to defraud, without a requisite explanation of intent to defraud and the need for a material misrepresentation.

The fix is to incorporate the fraud instruction elements into the conspiracy instruction.

Jury Instruction No. 20 also wrongfully includes a prior determination purportedly made by the Court that, "as a matter of law, that it was a lawful government function of HHS and CDC to distribute and administer authorized COVID-19 vaccines and vaccination record cards through approved vaccine distributing entities in a manner that would provide a reliable means of verifying persons' vaccination status." The problem is that this is not a predicate offense to simply find a lawful function of the government—conspiracy requires a conspiracy to do an unlawful act, one for which the individual was on notice could carry criminal penalties (in that case when the courts were divided, but in this one that it was not even considered a crime). This determination "as a matter of law" should not be in an instruction to the jury, but rather presented at the trial to take judicial notice if that is actually the case. The jury should not be armed in deliberations with this

"instruction" when it is instead a fact to be proven beyond a reasonable doubt as an element of the crime itself. If previously adjudicated, then it is subject to judicial notice.

### Proposed Jury Instruction Nos. 22 and 23

### NO. 22

COUNT 2
CONSPIRACY TO CONVERT, SELL, CONVEY, AND
DISPOSE OF GOVERNMENT PROPERTY
STATUTORY DEFINITION
18 U.S.C. §§ 371 and 641

*Title 18, United States Code, Sections 641 and 371 make it a crime for two or more persons to conspire to convert, or without authority, to sell, convey, or dispose of government property. The defendants are accused of converting, or without authority, selling, conveying, and disposing of COVID-19 vaccines and vaccination record cards. Specifically, this law provides:*

> *Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof ... [shall be guilty of an offense against the law of the United States].*

### NO. 23

COUNT 2
CONSPIRACY TO CONVERT, SELL, CONVEY, AND
DISPOSE OF GOVERNMENT PROPERTY
ELEMENTS
18 U.S.C. §§ 371 and 641

The defendants are charged in Count 2 with a violation of 18 U.S.C. §§ 371 and 641. To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt

*First: the COVID-19 vaccines and vaccination record cards belonged to the United States government;*

*Second: the defendants conspired to convert the COVID-19 vaccines and vaccination record cards intending to put them to the use or gain of another*

*OR*

9

*the defendants conspired to, acting without authority, sell, convey, or dispose of the COVID-19 vaccines and vaccination record cards; and*

*Third: the value of the COVID-19 vaccine and vaccination record cards was more than $1,000.*

*It does not matter whether a particular defendant knew that the COVID-19 vaccines and vaccination record cards belonged to the United States government, only that the defendant knew it did not belong to the defendant;*

*"Value" means the face, or market value, or cost price, either wholesale or retail, whichever is greater.*

<u>Defense Objections to Jury Instructions 22 and 23</u>

Jury Instruction No. 22 serves no purpose, is duplicative of Instruction No. 23 and will confuse the jury with its unexplained and undefined legal jargon. It should be deleted in its entirety.

Jury Instruction No. 23 wholly fails to include a *mens rea,* either for the crime of conspiracy or the crime of conversion. Section 371 requires a knowing and voluntary participation in a conspiracy and a knowledge of the purpose of the conspiracy. Section 671 requires that the conversion must be "knowing" – in other words, the defendant must have known he did not have authority to convey, sell or destroy the property. This fact issue will be contested at trial and the government must prove beyond a reasonable doubt that Dr. Moore knew he did not have authority or permission to dispose of the vaccines and the vaccine cards because they were the property of another party, even though they were physically in his possession. The government's proposed instruction does not ask the jury to find any such *mens rea*.

The First element also fails to provide a time period for WHEN the vaccines and vaccination record cards had to belong to the government. Pursuant to the plain language of the Section 671, it should be the property of the government AT THE TIME OF CONVERSION. This must be explained to the jury.

Instruction number 23 also leaves out the necessary elements to prove a conspiracy. It does not re-cite § 371, but incorporates it by reference, thus implicating Jury Instruction No. 19 but also all the problems cited *supra* with Jury Instruction No. 20. The additional elements under Jury Instruction No. 19 would include evidence that (1) two or more persons (2) conspired to commit any offense or defraud the CDC in any manner or for any purpose and (3) one or more persons did any act to effect the object of the conspiracy.

Jury Instruction No. 23 presumes the vaccines and cards were property of the government by stating "[i]t does not matter whether <u>a particular</u> defendant knew that the COVID-19 vaccines and vaccination cards ***belonged*** to the United States government." Whether or not Dr. Moore knew it, the jury must still find that at the time of conversion the vaccines and vaccine cards were, in fact, government property. This is an issue of fact and an element of the crime that must be proven beyond a reasonable doubt. Therefore, the government cannot instruct the jury that the vaccines and vaccine cards in fact "belonged to the United States government."

Of note is that the Comment to the 10th Circuit Pattern Jury Instruction No. 2.31 cites to *United States v. Butler*, 494 F.2d 1246, 1249 (10th Cir. 1974) stating that "[k]nowledge that the property is stolen and intent to convert it to one's own (or another's) use or gain are essential elements of the offense" under §641. The concept of it being "stolen" is inherent in the use of the other terms besides "steals" such as "embezzles, … purloins, or ***knowingly*** converts." The jury is never actually instructed that it has to find "***knowingly*** converts" because Jury Instruction No. 22 merely recites the statutory definition and does not state that the government must ***prove*** these things. Only Jury Instruction No. 23 says the government must prove those matters, which conveniently excludes "knowingly" from the element for "convert." Jury Instruction No. 23 states that the second element can be proven by evidence that "the defendants <u>conspired</u> to convert …"

11

It leaves out "knowingly" because later it tries to diminish this *mens rea* by stating the defendant need only know it did not belong to him.

The government's citation to *United States v. Speir*, 564 F.2d 934, 937-38 (10th Cir 1977) only states that "[i]it is not necessary that the defendant knew the property belonged to the government." This is not the same as defendant needing to only know it did not belong to him. Dr. Moore could have believed the vaccines/cards lawfully belonged to someone other than the federal government AND that he had authority from that entity to convert the vaccines/cards, then knowledge that the property is stolen required by § 641 is not present. Even the government's own cited authority in *Butler*, 494 F.2d at 1249 says knowledge that the property is stolen is essential to prove this crime.

**<u>Proposed Jury Instructions Nos. 25 and 26</u>**

**<u>NO. 25</u>**

COUNT 3
CONVERSION, SALE, CONVEYANCE, AND
DISPOSAL OF GOVERNMENT PROPERTY AND AIDING AND ABETTING
STATUTORY DEFINITION
18 U.S.C. §§ and 641 and 2

*Title 18, United States Code, Section 641 makes it a crime to convert, or without authority, to sell, convey, or dispose of government property. Specifically, this law provides:*

> *Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof... [shall be guilty of an offense against the law of the United States].*

*Title 18, United States Code, Section 2 makes it a crime to aid, abet, or willfully cause an act to be done that would constitute an offense against the United States. Specifically, this law provides:*

> *(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.*

*(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.*

## NO. 26

COUNT 3
CONVERSION, SALE, CONVEYANCE, AND
DISPOSAL OF GOVERNMENT PROPERTY AND AIDING AND ABETTING
ELEMENTS
18 U.S.C. §§ 641 and 2

The defendants are accused of converting, or without authority, selling, conveying, and disposing of COVID-19 vaccines and vaccination record cards.

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

> *First: the COVID-19 vaccines and/or vaccination record cards belonged to the United States government.*
>
> *Second: the defendant converted the COVID-19 vaccines and/or vaccination record cards intending to put them to the use or gain of another or the defendant, acting without authority, sold, conveyed, or disposed of the COVID-19 vaccines and/or vaccination record cards; and*

> Third: the value of the property of the United States government (COVID-19 vaccine and/or vaccination record cards) was more than $1,000.

*It does not matter whether a particular defendant knew that the COVID-19 vaccines and vaccination record cards belonged to the United States government, only that the defendant knew it did not belong to the defendant.*

"Value" means the face, or market value, or cost price, either wholesale or retail, whichever is greater.

To find the defendant guilty of aiding and abetting the underlying offense of Conversion, Sale, Conveyance, and Disposal of Government Property in violation of 18 U.S.C. § 641, it is not necessary for you to find that the defendant personally committed the crime. You may also find the defendant guilty if the defendant intentionally helped someone else commit the crime.

To find the defendant guilty of violating 18 U.S.C. § 641 as an aider and abettor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
First: the crime of Conversion, Sale, Conveyance, and Disposal of Government Property as outlined in Jury Instruction 27 was committed by someone other than the defendant.

13

Second: the defendant intentionally associated him- or herself in some way with the crime and intentionally participated in it as he or she would in something that he or she wished to bring about. This means the government must prove, that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

Defense Objections to Jury Instructions 25 and 26

Jury Instruction No. 25 serves no purpose, is duplicative of Instruction No. 26 and will confuse the jury with its unexplained and undefined legal jargon. It should be deleted in its entirety.

Jury Instruction No. 26 wholly fails to include a *mens rea,* either for the crime of conversion. Section 671 requires that the conversion must be "knowing" – in other words, the defendant must have known he did not have authority to convey, sell or destroy the property. This fact issue will be contested at trial and the government must prove beyond a reasonable doubt that Dr. Moore knew he did not have authority or permission to dispose of the vaccines and the vaccine cards because they were the property of another party, even though they were physically in his possession. The government's proposed instruction does not ask the jury to find any such *mens rea*.

The first element also fails to provide a time period for WHEN the vaccines and vaccination record cards had to belong to the government. Pursuant to the plain language of the Section 671, it should be the property of the government AT THE TIME OF CONVERSION. This must be explained to the jury.

Jury Instruction No. 26 presumes the vaccines and cards were property of the government by stating "[i]t does not matter whether <u>a particular</u> defendant knew that the COVID-19 vaccines and vaccination cards **belonged** to the United States government." Whether or not Dr. Moore knew it, the jury must still find that at the time of conversion the vaccines and vaccine cards were, in fact, government property. This is an issue of fact and an element of the crime that must be

proven beyond a reasonable doubt. Therefore, the government cannot instruct the jury that the vaccines and vaccine cards in fact "belonged to the United States government."

Of note is that the Comment to the 10th Circuit Pattern Jury Instruction No. 2.31 cites to *United States v. Butler*, 494 F.2d 1246, 1249 (10th Cir. 1974) stating that "[k]nowledge that the property is stolen and intent to convert it to one's own (or another's) use or gain are essential elements of the offense" under §641. The concept of it being "stolen" is inherent in the use of the other terms besides "steals" such as "embezzles, … purloins, or ***knowingly*** converts." The jury is never actually instructed that it has to find "***knowingly*** converts" because Jury Instruction No. 25 merely recites the statutory definition and does not state that the government must ***prove*** these things. Only Jury Instruction No. 23 says the government must prove those matters, which conveniently excludes "knowingly" from the element for "convert." The government later tries to diminish this *mens rea* by stating the defendant need only know it did not belong to him.

The government's citation to *United States v. Speir*, 564 F.2d 934, 937-38 (10th Cir 1977) only states that "[i]it is not necessary that the defendant knew the property belonged to the government." This is not the same as defendant needing to only know it did not belong to him. Dr. Moore could have believed the vaccines/cards lawfully belonged to someone other than the federal government AND that he had authority from that entity to convert the vaccines/cards, then knowledge that the property is stolen required by § 641 is not present. Even the government's own cited authority in *Butler*, 494 F.2d at 1249 says knowledge that the property is stolen is essential to prove this crime.

## Proposed Jury Instructions 27 and 28

### NO. 27

COUNT 4
DESTRUCTION OF EVIDENCE

STATUTORY DEFINITION
18 U.S.C. § 1512(b)(2)(B)

*Title 18, United States Code, Section 1512(b)(2)(B) makes it a crime to corruptly persuade another person to destroy an object with the intent to impair the use of that object in an official proceeding. Specifically, this law provides:*

*Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to cause or induce any person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding [shall be guilty of an offense against the law of the United States];*

Jury Instruction No. 27 serves no purpose, is duplicative of Instruction No. 28 and will confuse the jury with its unexplained and undefined legal jargon. It should be deleted in its entirety

DATED this the 28th day of May, 2025.

                                            Respectfully submitted,

                                            /s/ *Kathryn N. Nester*
                                            Kathryn N. Nester
                                            Nester Lewis PLLC
                                            Attorney for Michael Kirk Moore