# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PLASTIC SURGERY INSTITUTE OF UTAH, INC.; MICHAEL KIRK MOORE, JR.; KARI DEE BURGOYNE; KRISTIN JACKSON ANDERSEN; and SANDRA FLORES,<br><br>Defendants. | ADDITIONAL PROTECTIVE ORDER RELATED TO UNITED STATES' PROPOSED TRIAL EXHIBIT #5, CONTRACT DOCUMENTS SHOWING COSTS OF COVID-19 VACCINES<br><br>Case No. 2:23-cr-00010-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is the United States of America's ("United States") motion for additional protective order related to the United States' proposed trial exhibit #5, contract documents showing costs of COVID-19 vaccines.[2] Counsel for Defendants Plastic Surgery Institute of Utah, Inc., Michael Kirk Moore, Jr., and Kristin Jackson Andersen have stipulated to the United States' motion. Based upon that stipulation, and for the reasons set forth in the United States' motion, the court finds good cause to enter an additional protective order to prevent harmful disclosure of certain information. Accordingly, pursuant to

---

[1] ECF No. 32.

[2] ECF No. 325.

the court's authority under Fed. R. Crim. P. 16, the court GRANTS the United States' motion and enters the instant protective order.

1. Defendants Plastic Surgery Institute of Utah, Inc. and Michael Kirk Moore, Jr. have requested unredacted copies of certain contracts.

2. At a status conference on June 4, 2025, the court instructed the United States to obtain unredacted copies of those contracts and provide them to defense counsel pursuant to an enhanced protective order that would only allow counsel (and not the defendants themselves) to review the documents in anticipation of trial.[3]

3. The United States contacted the HHS Office of General Counsel, and that entity has agreed to provide unredacted contracts if this enhanced protective order is entered.

4. The basis for the motion is as follows: Disclosure of this sensitive commercial information could cause harm to the contractors involved.

    a. First, the pricing information and delivery schedules could constitute a trade secret and confidential commercial information of the contractors. This information is not readily publicly available and potentially provides a competitive advantage to the contractors in their dealings with the United States government and potentially other entities. Public disclosure of this information may allow competitors to gain insight into the contractors' pricing strategies, potentially enabling them to undercut bids

---

[3] ECF No. 322.

    in future government contracts and otherwise harm the contractors' competitive position or cause some other financial harm.

  b. Second, the United States government's contracts with these vaccine manufacturers often contain confidentiality provisions that explicitly protect this pricing and delivery information from public disclosure. Unsealing this information would potentially violate these contractual obligations and could negatively impact the United States government's ability to negotiate future contracts.

5. Accordingly, unredacted copies of the United States' proposed trial exhibit #5, which contains federal contract documents showing costs of COVID-19 vaccines, shall be made available only to defense counsel Brian R. Barnhill, Kathryn Neal Nester, David O. Drake, and Edward K. Brass.

6. The unredacted contracts will be available for review only by Brian R. Barnhill, Kathryn Neal Nester, David O. Drake, and Edward K. Brass.

7. If any defense counsel wants additional individuals to review the contracts, defense counsel shall make a motion, and the court will determine whether to issue additional orders allowing access.

8. The information contained in the contracts is provided to defense counsel solely for the purpose of defending the criminal case and/or preparing for the trial.

9. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of the information contained in the contracts.

10. Counsel who receives this information is prohibited from directly or indirectly providing access to or otherwise disclosing the contents of these unredacted materials to anyone (including their clients), or otherwise making use of the information in a manner unrelated to the defense of this criminal case.

11. Counsel agree that all information related to these contracts shall be stored by them in a secure manner to prevent improper dissemination.

12. Within 90 days of the conclusion of this case, including all related appeals, any information held by counsel coming exclusively from the contracts shall be destroyed.

13. The provisions of this order governing disclosure and use of the information shall not terminate at the conclusion of this criminal prosecution.

14. Counsel who gain access to this information specifically agree that they may be held in contempt if they violate this order.

IT IS SO ORDERED.

DATED this 13th day of June 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge